# EXHIBIT A

# Fixed Rate Note

**THIS LOAN HAS A PREPAYMENT PENALTY PROVISION.**

September 21, 2005          Rolling Meadows          IL
[Date]                     [City]                   [State]

2405 Crownspoint Drive, Austin, TX 78748
[Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 180,000.00   (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is   Argent Mortgage Company, LLC .

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of  8.800 %.

### 3. PAYMENTS
**(A)   Time and Place of Payments**
I will pay principal and interest by making payments every month.
I will make my monthly payments on the first day of each month beginning on    November 1, 2005.
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on    October 1, 2035, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at:
          505 City Parkway West, Suite 100,  Orange, CA 92868
or at a different place if required by the Note Holder.

**(B)   Amount of Monthly Payments**
My monthly payments will be in the amount of U.S. $1,422.50.

### 4. BORROWER'S RIGHT TO PREPAY
I may repay all or any part of the principal balance of this Note in accordance with the terms of this Section. A "prepayment" is any amount that I pay in excess of my regularly scheduled payments of principal and interest that the Lender will apply to reduce the outstanding principal balance on this Note in accordance with this Section.

**(A) Prepayment Made Three (3.00) year(s) After the Date of this Note**
   I will not have to pay a prepayment charge if I make a prepayment on the Three (3.00) year anniversary of the date this Note is executed, or at any time thereafter.
**(B) Prepayment Made Within Three (3.00) year(s) of the Date of this Note**
   I will pay Lender a prepayment charge if, in any twelve (12) month period before the Three (3.00) year(s) anniversary of the date this Note is executed, I prepay more than 20% of the original principal balance of this Note. The prepayment charge will be six (6) months interest, at the rate then in effect on this Note, on the amount in excess of 20% of the original principal balance that I prepay within such 12 month period.

**(C) Application of Funds**
   I agree that when I indicate in writing that I am making a prepayment, the Lender shall apply funds it receives first to pay any prepayment charge and next in accordance with the order of application of payments set forth in Section 2 of the Security Instrument.
**(D) Monthly Payments**
   If I make a prepayment of an amount less than the amount needed to completely repay all amounts due under this Note and Security Instrument, my regularly scheduled payments of principal and interest will not change as a result.

### 5. LOAN CHARGES
If a law, which applies to this loan and which sets maximum interest, loan charges or fees, is finally interpreted so that the interest, loan charges or fees collected or to be collected in connection with this loan exceed the permitted limits, or a determination is made at any time by the Note Holder that interest, loan charges or fees collected or to be collected in connection with this loan exceed the permitted limit, then: (i) any such interest, loan charges or fees shall be reduced by the amount necessary to reduce the interest, loan charges or fees to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

My acceptance of any such refund will constitute a waiver of any right of action I might have arising out of such overcharge.

Initials:

09/21/2005 11:52:49 AM

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)   Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of  fifteen  calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  5.000  % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)   Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)   Notice of Default**

If I am in default, the Note Holder may send me a written notice by certified mail telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is deposited in the United States mail, postage prepaid and addressed to me at my last known address as shown by the records of the Note Holder.

**(D)   No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)   Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

**7.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive notice of intention to accelerate, except as provided in Section (C) and the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, the Security Instrument, dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. The Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without the Lender's prior written consent, Lender may at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender, if exercise is prohibited by federal law as of the date of this Security Instrument.

If the Lender exercises this option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**11.   NO ORAL AGREEMENTS**

THIS NOTE CONSTITUTES A "WRITTEN LOAN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES. THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
Borrower:  William Graham

_____ (Seal)
Borrower:

PAY TO THE ORDER OF
RESIDENTIAL FUNDING COMPANY, LL
WITHOUT RECOURSE
ARGENT MORTGAGE COMPANY, LLC ____ (Seal)
Borrower

BY: _____
SAM MARZOUK, PRESIDENT

_____ (Seal)
Borrower BY: _____
GREGORY E. HANSON, C.F.O.

200-2TX (Rev. 01/04)                          2 of 2

09/21/2005 11:52:49 AM

# EXHIBIT B

After Recording Return To:
Barrett Burke Wilson Castle Daffin & Frappier, LLP
15000 Surveyor Blvd., Suite 100
Addison, TX 75001
Attn: TitleStar Mortgagee Services

TRF   2007172510
2 PGS

Loan Number: 0082869850 - 9706

*18504183*

## ASSIGNMENT OF DEED OF TRUST

11-585737

THE STATE OF TEXAS
COUNTY OF   TRAVIS

KNOW ALL MEN BY THESE PRESENTS:

That Argent Mortgage Company, LLC
acting herein, by, and through a duly authorized officer, the owner and holder of one certain promissory note for the
sum of $ 180,000.00   executed by

William Graham aka WILLIAM E GRAHAM and FRANCES K GRAHAM

payable to the order of Argent Mortgage Company, LLC, and secured by a Deed of Trust of September 21, 2005
therewith to Argent Mortgage Company, LLC Trustee,  which was filed for record on 9/28/2005 under File No.
Or recorded in Volume        Page        of the Deed of Trust Records of TRAVIS County, on the following
described lot, or parcel of land situated in the County of  TRAVIS , State of Texas, to-wit:

"LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF"
f.le No.  2005179979

for and in consideration of the sum of  TEN AND NO/100 ($10.00) Dollars, and other good, valuable and sufficient
consideration paid, the receipt of which is hereby acknowledged, does hereby transfer and assign, set over and
deliver unto

the above described note, together with the liens against said property securing the payment thereof, and all title
held by the undersigned in and to said land.

TO HAVE AND TO HOLD unto said grantee said above described note, together with all and singular the
liens, rights, equities, title and estate in said real estate above described securing the payment thereof, or otherwise.

Executed  09/26/2005.

Argent Mortgage Company, LLC

Homecomings Financial, LLC
fka Homecomings Financial Network, Inc.
ONE MERIDIAN CROSSINGS, SUITE 100
MINNEAPOLIS, MN 55423-3940

By: _____
Charlene Maddox - AGENT

State of   Illinois
County of  Cook

On   09/27/2005, before me  Sandri Simmons, personally appeared
Charlene Maddox, personally known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the Assignment.

WITNESS my hand and Notarial Seal.

OFFICIAL SEAL
SANDRI SIMMONS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/06/09

_____
Sandri Simmons

(This area for Notarial Seal)

750-TX (05/2005) Rev.01

Sep. 20. 2005   9:59AM      FIDELITY KIDD 512 241 0089          No. 7250   P. 3

GF No. 05-11002110

4.   Legal Description of land:

Lot 3, Block "I", CASTLEWOOD FOREST, SECTION I, a subdivision in Travis County, Texas according to the map or plat recorded in Volume 42, Page 27, of the Plat Records of Travis County, Texas.

# FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

2007 Sep 17 11:38 AM   2007172510

BENAVIDESV $20.00

DANA DEBEAUVOIR COUNTY CLERK

TRAVIS COUNTY TEXAS

Recorders Memorandum-At the time of recordation this instrument was found to be inadequate for the best reproduction, because of illegibility, carbon or photocopy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

TRF   2008153383
3 PGS

## CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: 10585737
Seller Loan Number: 82869850

**FOR VALUE RECEIVED, Homecomings Financial, LLC fka Homecomings Financial Network, Inc.**

the undersigned hereby grants, assigns and transfers to

Residential Funding Company, LLC
8400 Normandale Lake Blvd Suite 600
Minneapolis, MN 55437

all beneficial interest under that certain Deed of Trust dated 09/26/2005
executed by WILLIAM GRAHAM AKA WILLIAM E GRAHAM AND FRANCES K GRAHAM

TO/FOR:    ARGENT MORTGAGE COMPANY, LLC

and recorded in Book ___n/a___ on Page ___n/a___ as Instrument No. 2005179979 on 09/28/2005 of official
Records in the County Recorder's Office of TRAVIS County, Texas.

LEGAL: LOT 3, BLOCK "I", CASTLEWOOD FOREST, SECTION I, A SUBDIVISION IN TRAVIS
COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 42,
PAGE 27 OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS.

MORTGAGE AMOUNT: $180,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

Homecomings Financial, LLC fka Homecomings Financial Network, Inc.

BY: _____
NAME: Paul Robinette

| STATE OF | Minnesota | |
| COUNTY OF | Hennepin | TITLE: Vice President |

On 08/24/2007 before me, the undersigned, a Notary Public in and for said State personally appeared Paul
Robinette, Vice President of Homecomings Financial, LLC fka Homecomings Financial Network, Inc.
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

_____
Notary Public in and for said State

RICHARD PHILIP JOHNSON
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2010

This instrument was drafted by R. Johnson, Residential
Funding Company, LLC, One Meridian Crossings, Suite
100, Minneapolis, MN 55423, (952) 979-4000.

~~Prepared By &~~ After Recording Mail to:
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024

BC 628153

Exhibit "A"

**LEGAL DESCRIPTION**

Lot 3, Block "I", CASTLEWOOD FOREST, SECTION I, a subdivision in Travis County, Texas according to the map or plat recorded in Volume 42, Page 27, of the Plat Records of Travis County, Texas.

BC 628153

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

2008 Sep 11 11:06 AM   2008153383
FERGUSONLL $24.00
DANA DEBEAUVOIR COUNTY CLERK
TRAVIS COUNTY TEXAS

TRF   2008153384
2 PGS

## CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: 10585737
Seller Loan Number: 82869850

**FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'**

the undersigned hereby grants, assigns and transfers to

**LNV Corporation**
**7195 Dallas Parkway**
**Plano, Texas 75024**

all beneficial interest under that certain Deed of Trust dated 9/26/2005
executed by WILLIAM GRAHAM  *aka william E. Graham and Frances K. Graham*

TO/FOR: *Argent Mortgage Company LLC*

and recorded in Book *n/a* on Page *n/a* as Instrument No. *2005179979* on *9/28/05*
of official Records in the County Recorder's Office of *Travis* County, Texas.

*× See attached Exhibit "A" for Legal.*

MORTGAGE AMOUNT: $180,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY: _____
NAME: Betty Wright
TITLE: Assistant Vice President

STATE OF          Minnesota
COUNTY OF        Hennepin

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Betty
Wright, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

_Diane M Meistad_
Notary Public in and for said State
This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423, (952)
979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

~~Requested By~~ & After Recording Mail to:
**MGC Mortgage Inc**
**Document Control, Allison Martin**
**7195 Dallas Parkway**
**Plano, Texas  75024**
*BC U 28153*

Exhibit "A"

LEGAL DESCRIPTION

Lot 3, Block "I", CASTLEWOOD FOREST, SECTION I, a subdivision in Travis County, Texas according to the map or plat recorded in Volume 42, Page 27, of the Plat Records of Travis County, Texas.

BC 628153

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

2008 Sep 11 11:06 AM    2008153384

FERGUSONLL $20.00

DANA DEBEAUVOIR COUNTY CLERK

TRAVIS COUNTY TEXAS

# EXHIBIT C

**STATE OF NEVADA**



**ROSS MILLER**
*Secretary of State*

**SCOTT W. ANDERSON**
*Deputy Secretary*
*for Commercial Recordings*

*Commercial Recordings Division*
*202 N. Carson Street*
*Carson City, NV 89701-4069*
*Telephone (775) 684-5708*
*Fax (775) 684-7138*

**OFFICE OF THE**
**SECRETARY OF STATE**

CATHERINE GIBHARDT
400 PARK RD STE 221
SEVIERVILLE, TN 37862

**Job:C20130812-0270**
August 15, 2013

**Special Handling Instructions:**
8/22  JL  SENT CC ARTS  cathy@nursingoptions.com
8/15  JL  RETURN REG

SENT REQUEST FOR INFORMATION TO CUSTOMER SERVICE.

JUST PRINT AND STAPLE THE CERTIFIED PAGE TO THE FRONT OF THE ARTICLES.

**Charges**

| Description | Document Number | Filing Date/Time | Qty | Price | Amount |
|---|---|---|---|---|---|
| Entity Copies | 00003998402-25 | | 8 | $2.00 | $16.00 |
| Copies - Certification of Document | 00003998402-25 | | 1 | $30.00 | $30.00 |
| Total | | | | | $46.00 |

**Payments**

| Type | Description | Amount |
|---|---|---|
| Credit | 294236\|13082290181247 | $46.00 |
| Total | | $46.00 |

**Credit Balance:** $0.00

**Job Contents:**
NV Corp Return Letter(s):                          1
File Stamped Copy(s):                              1
NV Corp Certified Copy Request Cover   1
Letter(s):

CATHERINE GIBHARDT
400 PARK RD STE 221
SEVIERVILLE, TN 37862

**STATE OF NEVADA**



*ROSS MILLER*
Secretary of State

*SCOTT W. ANDERSON*
*Deputy Secretary*
*for Commercial Recordings*

**OFFICE OF THE**
**SECRETARY OF STATE**

## Certified Copy

August 15, 2013

**Job Number:**          C20130812-0270
**Reference Number:**  00003998402-25
**Expedite:**
**Through Date:**

The undersigned filing officer hereby certifies that the attached copies are true and exact copies of all requested statements and related subsequent documentation filed with the Secretary of State's Office, Commercial Recordings Division listed on the attached report.

| **Document Number(s)** | **Description** | **Number of Pages** |
|---|---|---|
| 20080180715-22 | Articles of Incorporation | 8 Pages/1 Copies |

Respectfully,

ROSS MILLER
Secretary of State

Certified By: Joann Larson
Certificate Number: C20130812-0270
You may verify this certificate
online at **http://www.nvsos.gov/**

**Commercial Recording Division**
202 N. Carson Street
Carson City, Nevada 89701-4069
Telephone (775) 684-5708
Fax (775) 684-7138



**ROSS MILLER**
Secretary of State
206 North Carson Street
Carson City, Nevada 89701-4299
(775) 684 5708
Website:  secretaryofstate.biz

| Filed in the office of | Document Number |
| --- | --- |
| *[signature]*<br>Ross Miller<br>Secretary of State<br>State of Nevada | 20080180715-22 |
| | Filing Date and Time<br>03/17/2008 9:15 AM |
| | Entity Number<br>E0169702008-8 |

## Articles of Incorporation

### (PURSUANT TO NRS 78)

USE BLACK INK ONLY - DO NOT HIGHLIGHT                    ABOVE SPACE IS FOR OFFICE USE ONLY

| 1. *Name of Corporation:* | LNV Corporation | | | |
| --- | --- | --- | --- | --- |
| 2. *Resident Agent Name and Street Address:* (must be a Nevada address when process may be served) | Name  The Corporation Trust Company of Nevada | | | |
| | (MANDATORY) Physical Street Address  6100 Neil Road, Suite 500   City Reno   Nevada 89511   Zip Code | | | |
| | (OPTIONAL) Mailing Address   City   State  Zip Code | | | |
| 3. *Shares:* (number of shares corporation is authorized to issue) | Number of shares with par value:  10,000 | Par value per share: $ 0.01 | Number of shares without par value: | |
| 4. *Names & Addresses of the Board of Directors/Trustees:* (each Director/Trustee must be a natural person at least 18 years of age; attach additional page if more than 3 directors/trustees) | 1.  Jacob Cherner<br>Name<br>7195 Dallas Parkway   Plano   TX 75024<br>Street Address   City   State  Zip Code | | | |
| | 2.<br>Name<br>Street Address   City   State  Zip Code | | | |
| | 3.<br>Name<br>Street Address   City   State  Zip Code | | | |
| 5. *Purpose:* (optional - see instructions) | The purpose of this Corporation shall be:<br>Any lawful act, activity, or business for which corporations may be formed under Nevada law. | | | |
| 6. *Name, Address and Signature of Incorporator:* (attach additional page if more than 1 incorporator) | M. Elaine Meyers<br>Name   Signature *[signature] M. Elaine Meyers*<br>1445 Ross Avenue, Suite 3700   Dallas   TX 75202<br>Address   City   State  Zip Code | | | |
| 7. *Certificate of Acceptance of Appointment of Resident Agent:* | I hereby accept appointment as Resident Agent for the above named corporation.<br>X *[signature]*   Michael E. Jones 3-17-08<br>Authorized Signature of R. A. or On Behalf of R. A. Company   Assistant Secretary   Date | | | |

This form must be accompanied by appropriate fees.                    Nevada Secretary of State Form 78 Articles 2007
Revised on 11/07/07

NVB01 - 1/2A/2007 C T System Online

### ARTICLES OF INCORPORATION
### OF
### LNV CORPORATION

**FIRST:** The name of the corporation is LNV Corporation (the "Corporation").

**SECOND:** The resident agent of the Corporation within the State of Nevada is The Corporation Trust Company of Nevada, located at 6100 Neil Road, Suite 500, Reno, Washoe County, Nevada 89511.

**THIRD:** The Corporation may engage in any lawful act, activity and/or business for which corporations may be organized under the General Corporation Law of the State of Nevada.

**FOURTH:** The aggregate number of shares which the Corporation is authorized to issue is 10,000 shares of Common Stock with a par value of one cent ($0.01) per share.

The preferences, qualifications, limitations, restrictions and the special or relative rights in respect of the shares of this class are as follows:

A.      Subject to the provisions of law, dividends may be paid on the Common Stock of the Corporation at such time and in such amounts as the Board of Directors may deem advisable.  Each share of the Common Stock shall be entitled to one vote on each matter submitted to a vote at a meeting of stockholders.

B.      (i) Subject to the provisions of law and the foregoing provisions of these Articles of Incorporation, the Corporation may issue shares of its Common Stock from time to time for such consideration (not less than the par value or stated value thereof) as may be fixed by the Board of Directors, which is expressly authorized to fix the same in its absolute and

-1-

70256.000212 HW_US 25487014v1

uncontrolled discretion subject to the foregoing conditions. Shares of the Common Stock so issued for which the consideration has been paid or delivered to the Corporation shall be deemed fully paid stock and shall not be liable to any further call or assessment thereon and the holders of such shares shall not be liable for any further payments in respect of such shares.

(ii)   Cumulative voting by any stockholder is hereby expressly denied.

**FIFTH:** The members of the governing board shall be styled directors and the number thereof shall be fixed as provided by the Bylaws of the Corporation but shall not in any event be less than one (1); provided that the number so fixed as provided by the Bylaws may be increased or decreased from time to time as provided by the Bylaws.

The name and office address of the initial member of the Board of Directors, which shall consist of one (1) member, are as follows:

| <u>Name</u> | <u>Office Address</u> |
|---|---|
| Jacob Cherner | 7195 Dallas Parkway<br>Plano, Texas 75024 |

**SIXTH:** The name and address of the sole incorporator signing the Articles of Incorporation are as follows:

| <u>Name</u> | <u>Address</u> |
|---|---|
| M. Elaine Meyers | 1445 Ross Avenue<br>Suite 3700<br>Dallas, Texas 75202 |

**SEVENTH:** The Corporation shall have perpetual existence.

**EIGHTH:** A. The Board of Directors is expressly authorized to make, alter or amend the Bylaws of the Corporation.

-2-

B.    Authority is hereby expressly granted to and vested in the Board of Directors to issue notes, bonds, debentures, warrants and other obligations of the Corporation convertible into stock of such class or bearing such warrants or other evidence of optional rights to purchase and/or subscribe to stock of such class and issued and convertible upon such terms and conditions and in such manner as may be fixed and stated by the resolution or resolutions from time to time adopted providing for the issuance thereof.

C.    The Board of Directors shall be authorized to exercise all such powers and do all such things and acts as may be exercised or done by the Corporation, subject to the provisions of the laws of the State of Nevada, of these Articles of Incorporation and of the Bylaws of the Corporation.

NINTH:   No contract or other transaction between the Corporation and any other corporation and no other act of the Corporation shall, in the absence of fraud, be invalidated or in any way affected by the fact that any of the stockholders, directors or officers of the Corporation are pecuniarily or otherwise interested in such contract, transaction, or other act, or are stockholders, directors or officers of such Corporation.  Any stockholder, director or officer of the Corporation, individually, or any firm or association of which any such stockholder, director or officer may be a member, may be a party to, or be pecuniarily or otherwise interested in, any contract or transaction of the Corporation, provided that the fact that he individually or such firm or association is so interested shall be disclosed or shall have been known to the Board of Directors or a majority of such members thereof as shall be present at any meeting of the Board of Directors at which action upon any such contract or transaction shall be taken; and any director of the Corporation who is a stockholder, director or officer of such other corporation or who is so interested may be counted in determining the existence of a quorum at any meeting of the Board of Directors which shall authorize any such contract or transaction and may vote

-3-

threat to authorize such contract or transaction; every stockholder, director or officer of the Corporation being hereby relieved from any disability which might otherwise prevent him from carrying out transactions with or contracting with the Corporation for the benefit of himself or any firm or corporation, association, trust or organization in which or with which he may be in any way interested or connected.

TENTH:  A. The Corporation may indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, except an action by or in the right of the Corporation, by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or is or was serving at the request of the Corporation as a director, officer, trustee, employee or agent of another corporation, partnership, joint venture, trust, or other enterprise, against expenses, including attorney fees, judgments, fines and amounts paid in settlement, actually and reasonably incurred by him in connection with such action, suit or proceeding if such person acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interest of the Corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe  his conduct was unlawful.  The termination of any action, suit or proceeding by judgment, order, settlement, or conviction, or on a plea of nolo contendere or its equivalent does not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation, and that with respect to any criminal action or proceeding, he had reasonable cause to believe that his conduct was unlawful.

B.     The Corporation may indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the

-4-

right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, trustee, agent or employee of another corporation, partnership, joint venture, trust or other enterprise against expenses, including amounts paid in settlement and attorneys' fees actually and reasonably incurred by him in connection with the defense or settlement of the action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Corporation.  Indemnification may not be made for any claim, issue or matter as to which such person has been adjudged by a court of competent jurisdiction, after exhaustion of all appeals therefrom, to be liable to the Corporation or for amounts paid in settlement to the Corporation, unless and only to the extent that the court in which the action or suit was brought or other court of competent jurisdiction determines upon application that in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the court deems proper.

        C.      To the extent that a director, officer, employee or agent of the Corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections A and B, or in defense of any claim, issue or matter therein, he shall be indemnified against expenses, including attorneys' fees, actually and reasonably incurred by him in connection with the defense.

        D.      Expenses incurred in defending a civil or criminal action, suit or proceeding may be paid by the Corporation in advance of the final disposition of such action, suit or proceeding as authorized by the Board of Directors.

        E.      The indemnification provided by this section shall not be deemed exclusive of any other right to which those seeking indemnification may be entitled under any bylaw, agreement, vote of stockholders or disinterested directors, or otherwise, both as to action

in his official capacity and as to his action in other capacities while holding such office and shall continue as to a person who has ceased to be a director, officer, trustee, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

        F.     The Corporation shall have power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, trustee, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any liability asserted against him or incurred by him in any such capacity or arising out of his status as such, whether or not the Corporation would have the power to indemnify him against such liability under the provisions of this section.

     **ELEVENTH:**  No director or officer of the Corporation shall have personal liability to the Corporation or its stockholders for damages for breach of fiduciary duty as director or officer unless the liability arises out of: (a) acts or omissions which involve intentional misconduct, fraud or knowing violation of law; or (b) the payment of distributions in violation of NRS 78.300.

     **TWELFTH:**  No stockholder of this Corporation shall, by reason of his holding shares of any class of stock, have any preemptive or preferential right to purchase or subscribe to any shares of any class of stock of this Corporation, now or hereafter to be authorized, or any notes, debentures, bonds or other securities convertible into or carrying options or warrants to purchase shares of any class of stock, now or hereafter to be authorized, whether or not the issuance of any such shares, or such notes, debentures, bonds or other securities would adversely affect the dividend or voting rights of such stockholder, other than such rights, if any, as the Board of Directors, in its  discretion from time to time, may grant, and at such price as the Board of Directors, in its discretion, may fix; and the Board of Directors may cause to be issued shares of

-6-

any class of stock of this Corporation, or any notes, debentures, bonds or other securities convertible into or carrying options or warrants to purchase shares of any class of stock without offering any such shares or other securities, either in whole or in part, to the existing stockholders of any class of stock.

**THIRTEENTH:** The Corporation reserves the right to amend, alter, change or repeal any provision contained in the Articles of Incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred upon stockholders herein are created subject to this reservation.

I, THE UNDERSIGNED, being the sole incorporator hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Nevada, do make and file these Articles of Incorporation, hereby declaring and certifying that the facts herein stated are true, and accordingly have hereunto set my hand this _17th_ day of March, 2008.

M. Elaine Meyers

The Corporation Trust Company of Nevada hereby accepts appointment as Resident Agent for the above named corporation.

THE CORPORATION TRUST COMPANY OF NEVADA

By: _____  Michael E. Jones
Resident Agent                Assistant Secretary

-7-

# EXHIBIT D

Catherine Gebhardt

**CORPORATION ASSIGNMENT of DEED OF TRUST**

BC: 612526 - 17101164

RFC Loan Number: 8263393

Seller Loan Number: 328544

FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'
8400 Normandale Lake Blvd. Ste 600
Minneapolis, MN 55437

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 11/7/2002
executed by CATHERINE GEBHARDT, A SINGLE PERSON

TO/FOR: Sebring Capital Partners, Limited Partnership.

and recorded in Book 1562 on Page 298 as Instrument No. 02053378 on 11-13-02
of official Records in the County Recorder's Office of Sevier County, Tennessee.

Property Address:   3753 THOMAS CROSS ROAD, SEVIERVILLE, TN  37876

MORTGAGE AMOUNT:  $243,100.00

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

Maximum principal indebtedness for Tennessee recording tax
purposes is $ -0- does not increase principal debt. Mortgage tax
paid on original filing.

BY: _____

NAME: Betty Wright

TITLE: Assistant Vice President

STATE OF                              Minnesota)
COUNTY OF                             Hennepin)

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Betty
Wright, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

(Area to right reserved for Recording)

BK/PG: 3160/446-446
08048722

| | | |
|---|---|---|
| 1 PGS : ASSIGNMENT | | |
| ELAINE BATCH: 133997 | | |
| 08/06/2008 - 10:38 AM | | |
| VALUE | | 0.00 |
| MORTGAGE TAX | | 0.00 |
| TRANSFER TAX | | 0.00 |
| RECORDING FEE | | 10.00 |
| DP FEE | | 2.00 |
| REGISTER'S FEE | | 0.00 |
| TOTAL AMOUNT | | 12.00 |

STATE OF TENNESSEE, SEVIER COUNTY
SHERRY ROBERTSON HUSKEY
REGISTER OF DEEDS

Prepared By & After Recording Mail to:
MGC Mortgage Inc
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024

CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number: 7889719
Seller Loan Number: 4967689

Robynne A. Fauley

FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'

the undersigned hereby grants, assigns and transfers to

*LNV Corporation*
*7195 Dallas Pkwy*
*Plano, Tx 75024*

all beneficial interest under that certain Deed of Trust dated 6/12/2002

executed by ROBYNNE A FAULEY

TO/FOR:

and recorded in Book _n/a_ on Page _n/a_ as Instrument No. _2002-057800_ on _6/20/2002_
of official Records in the County Recorder's Office of _Clackamas_ County, Oregon.

Property Address:  12125 SE SOUTHEAST LAUGHING WA . SANDY, OR  97055
MORTGAGE AMOUNT: $330,000.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

STATE OF              Minnesota )
COUNTY OF            Hennepin )

BY: _____
NAME: Jeanne J. Smith
TITLE: Assistant Vice President

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Jeanne J.
Smith, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.



_____
Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2012

(Area to right reserved for Recording)

WHEN RECORDED MAIL TO:



Prepared By and when recorded
Please return to:MGC Mortgage Inc.
Document Control Dept.
7195 Dallas Parkway
Plano, TX 75024
BC 614513

STATE OF OREGON
COUNTY OF CLACKAMAS  ss.

I, SHERRY HALL, County Clerk of the
State of Oregon for the County of Clackamas,
do hereby certify that the foregoing copy of
_2012-023379_ _copy_
_Mortgage Rec_
has been by me compared with the original, and
that it is a correct transcript therefrom, and the
whole of such original, as the same appears on the
file and record in my office and under my care,
custody and control.

IN TESTIMONY WHEREOF, I have hereunto set
my hand and affixed my official seal

this _____10_____ day of
____October____, 20_12_

SHERRY HALL, County Clerk
By: _____ Deputy

Denise Subramaniam

CORPORATION ASSIGNMENT of DEED OF TRUST

RFC Loan Number:  10335983
Seller Loan Number: 10097572

FOR VALUE RECEIVED, 'Residential Funding Company, LLC fka Residential Funding Corporation'

the undersigned hereby grants, assigns and transfers to

LNV Corporation
7195 Dallas Parkway
Plano, Texas  75024

all beneficial interest under that certain Deed of Trust dated 2/10/2004
executed by DENISE  SUBRAMANIAM

TO/FOR: People's Choice Home Loan, Inc a Wyoming Corporation.

and recorded in Book N/A   on Page  N/A   as Instrument No. 2004-019937   on 3/1/04
of official Records in the County Recorder's Office of  Washington   County, Oregon.

Property Address:    13865 SW WALKER ROAD  BEAVERTON, OR  97005
MORTGAGE AMOUNT:  $176,000.00

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'Residential Funding Company, LLC fka Residential Funding Corporation'

BY:

STATE OF                                Minnesota )       NAME: Betty Wright
COUNTY OF                              Hennepin  )       TITLE: Assistant Vice President

On 3/10/2005  before me, the undersigned, a Notary Public in and for said State personally appeared Betty
Wright, Assistant Vice President of 'Residential Funding Company, LLC fka Residential Funding Corporation'
personally known to me to be the person whose name is subscribed to the within instrument and acknowledged
to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument
the entity upon behalf of which the person acted, executed the instrument.  WITNESS my hand and official seal.

This instrument was drafted by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

Diane M Meistad
Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

After Recording Return to:
MGC Mortgage Inc
Document Control
7195 Dallas Parkway
Plano, Texas  75024
Bc 619600

Rhonda Hardwick

DIANA SCHUTTE
MARTIN COUNTY RECORDER                2P
FEE:                                  14.00
PJK Date 07/01/2008   Time 13:20:57
1 2008200999                          KI 58/301

After Recording Return to:
MGC Mortgage Inc
Document Control  Allison Martin
7195 Dallas Parkway
Plano, Texas 76024
B.C. 612938
MIN: 100149813439391000
MERS Phone: 1-888-679-6377

CORPORATION ASSIGNMENT of MORTGAGE
FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to        LNV Corporation
7195 Dallas Parkway
Plano, Texas 76024

all beneficial interest under that certain Mortgage dated 9/30/2003

executed by RHONDA L HARDWICK

TO/FOR:        N-6        48

and recorded in Book  N/A  on Page  N/A  as Instrument No. 200309659  on  10-7-43  of
official Records in the County Recorder's Office of  Martin        County, Indiana.

PROPERTY ADDRESS:  201 CHURCH ST  LOOGOOTEE, IN  47553

Mortgage Amount:  $87,550.00
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Mortgage.
'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY:
NAME: Michael Mead
TITLE: Assistant Vice President

STATE OF                      Minnesota)
COUNTY OF                     Hennepin)

On 3/10/2008 before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of (MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in
his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person
acted, executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State

... by Diane Meistad,
Residential Funding Company, LLC, One Meridian
Crossings, Suite 100, Minneapolis, MN 55423,
(952) 979-4000.

DIANE M. MEISTAD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2011



2008K069730

**SANDY  WEGMAN**
RECORDER - KANE COUNTY, IL

RECORDED: 9/3/2008 2:16 PM
REC FEE: 25.00  RHSPS FEE: 10.00
PAGES: 3

Prepared By & After Recording Mail to:
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024

BC 428243

RFC Loan Number: 11380185
Seller Loan Number: 656493104

CORPORATION ASSIGNMENT of MORTGAGE

FOR VALUE RECEIVED,  '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to

**LNV Corporation**
**7195 Dallas Parkway**
**Plano, Texas 75024**

all beneficial interest under that certain Mortgage dated 1/26/2007
executed by Chris T. Swift and Marcia A. Swift, husband
and wife as tenants by the entirety.
TO/FOR: GMAC Mortgage, LLC dba ditech.com

and recorded in Book _n/a_ on Page _n/a_ as Instrument No. 2007K0189117 on _1/24/07_
of official Records in the County Recorder's Office of ____Kane____ County, Illinois.

* See attached Exhibit "A" For Legal.

Mortgage Amount:   $449,500.00

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Mortgage.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY: _____

NAME: Michael Mead

TITLE: Assistant Vice President

3

35 -

STATE OF                              Minnesota)
COUNTY OF                             Hennepin)

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael
Mead, Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.'  personally known
to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he
executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon
behalf of which the person acted, executed the instrument  WITNESS my hand and official seal.

Notary Public in and for said State

Prepared by Diane Meistad

Residential Funding Company, LLC
One Meridian Crossings, Ste. 100
Minneapolis, MN 55423, (952)979-4000

DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2010

Property Address: 601 SENNETT ST  BATAVIA, IL  60510

BC 628243

Tuli Molina-Wohl



OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2008-0704628 08/13/08 10:44 AM
1 OF 1

WHEN RECORDED MAIL TO:

After Recording Return to:
**MGC Mortgage Inc**
Document Control, Allison Martin
7195 Dallas Parkway
Plano, Texas 75024
(866) 544-9820

MIN: 100265600005185934
MERS Phone: 1-888-679-6377
BC: 619358



CORPORATION ASSIGNMENT of DEED OF TRUST

FOR VALUE RECEIVED, '(MERS) Mortgage Electronic Registration Systems, Inc.'

1595 Spring Hill Road, Suite 310, Vienna, VA 22182

the undersigned hereby grants, assigns and transfers to      LNV Corporation
7195 Dallas Parkway
Plano, Texas 75024

all beneficial interest under that certain Deed of Trust dated 11/14/2006
executed by TULI M WOHL , An Unmarried Woman
          Molina

and recorded in Book  on Page  as Instrument No. 20061525605 on  of official Records in the County Recorder's Office of
Maricopa County, Arizona. Recorded on 11-21-06.

See Attached Exhibit "A".

Mortgage Amount:      **$475,000.00**

Property Address:      **1321 E LUKE AVE  PHOENIX, AZ  85014**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

'(MERS) Mortgage Electronic Registration Systems, Inc.'

BY:
STATE OF                    Minnesota)    NAME: Michael Mead
COUNTY OF                   Hennepin)     TITLE: Assistant Vice President

On 3/10/2008  before me, the undersigned, a Notary Public in and for said State personally appeared Michael Mead,
Assistant Vice President of '(MERS) Mortgage Electronic Registration Systems, Inc.' personally known to me to be the
person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her
authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted,
executed the instrument. WITNESS my hand and official seal.

Notary Public in and for said State

DIANE M. MEISTAD
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2013

This instrument was drafted by Diane Meistad
Assistant Secretary, Residential Funding Company,
LLC, One Meridian Crossings, Suite 100,
Minneapolis, MN 55423, (952) 979-4000.

# EXHIBIT E

Loan Number 10097572

## ADJUSTABLE RATE NOTE
### (LIBOR Six-Month Index (As Published In The Wall Street Journal)-Rate Caps)
### Including Prepayment Penalty

**NOTICE TO BORROWER**
Do not sign this loan agreement before you read it. This loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement (Ore Rev Stat §82.160; Or Admin R §441-870-0040.)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

| 02/10/2004 | IRVINE | CALIFORNIA |
|---|---|---|
| [Date] | [City] | [State] |

**13865 SW WALKER ROAD, Beaverton, OREGON 97005**
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $ 176,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is PEOPLE'S CHOICE HOME LOAN, INC. a WYOMING CORPORATION.
   I will make all payments under this Note in the form of cash, check or money order.
   I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
   Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.990% . The interest rate I will pay may change in accordance with Section 4 of this Note.
   The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**
   **(A) Time and Place of Payments**
   I will pay principal and interest by making a payment every month.
   I will make my monthly payments on the 1st day of each month beginning on April 1, 2004. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on March 1, 2034, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at P.O.Box 512809, Los Angeles, CA 90051-5128 or at a different place if required by the Note Holder.
   **(B) Amount of My Initial Monthly Payments**
   Each of my initial monthly payments will be in the amount of U.S. $ 1,169.76 . This amount may change.

   **(C) Monthly Payment Changes**
   Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   **(A) Change Date(s)**
   The interest rate I will pay may change on the 1st day of March, 2006 and every 6th month(s) thereafter. Each date on which my interest rate could change is called a "Change Date."

Initials: _QS._

Exhibit 1
Page 1 of 7

with the first Change Date, my interest rate will be based on an Index. The "Index" is the average offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as the Wall Street Journal. The most recent Index figure available as of the date 45 days before each ate is called the "Current Index."

he Index is no longer available, the Note Holder will choose a new index that is based upon comparable ation. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding five and one-quarter percentage points ( 5.250% ) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 9.990% or less than 6.990 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point(s) ( 1.000% ) from the rate of interest I have been paying for the preceding 6 months.

My interest rate will never be greater than 12.990%. My interest rate will never be less than 6.990%.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only before it is due is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments then due under this Note.

The Note Holder will use my Prepayment to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial prepayment may be offset by an increase in the interest rate.

If within Twenty-four (24) months from the date of execution of the Security Instrument, I make full Prepayment or partial Prepayment, and the total of such Prepayment(s) in any 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan, I will pay a Prepayment charge in an amount equal to 6 months' advance interest on the amount by which the total of my Prepayment(s) within that 12-month period exceeds twenty percent (20%) of the original Principal amount of the loan.

Exhibit 1
Page 2 of 7

GES

which applies to this loan and which sets maximum loan charges, is finally interpreted so that the er loan charges collected or to be collected in connection with this loan exceed the permitted limits, such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note ay choose to make this refund by reducing the Principal I owe under this Note or by making a direct nt to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

## 8. GIVING OF NOTICES

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

adjnote3   09/26/01                    Page 3 of 4                    Initials: ⱥ S.

Exhibit 1
Page 3 of 7

**SECURED NOTE**

...is a uniform instrument with limited variations in some jurisdictions. In addition to the protections ...Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), ...same date as this Note, protects the Note Holder from possible losses that might result if I do not keep ...that I make in this Note. That Security Instrument describes how and under what conditions I may ...red to make immediate payment in full of all amounts I owe under this Note. Some of those conditions ...s follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a ...tural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, ...ender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.**

_____ (Seal)
DENISE SUBRAMANIAM        -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

[Sign Original Only]

adjnote4

Page 4 of 4

09/26/01

Exhibit 1
Page 4 of 7

X LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates Series 2004-HE4\

'PAY TO THE ORDER OF

Without recourse"
PEOPLE'' CHOICE HOME LOAN, INC.
A Wyoming Corporation

By

Title:

**Dana Lantry**
**Asst. Vice President**

Exhibit 1
Page 5 of 7

# Allonge

Account Number:        10097572

Borrower(s):        Denise Subramaniam

Address:        13865 SW Walker Road
                Beaverton, OR 97005

Note Amount:        $ 176,000.00

Closing Date:        02/10/2004

"Pay to the Order of:

RESIDENTIAL FUNDING COMPANY, LLC

Without recourse"

PEOPLE'S CHOICE HOME LOAN INC.

A Wyoming Corporation

By: _____

Dana Lantry
Vice President

Exhibit 1
Page 6 of 7

ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL:            0            LOAN ID:   10335983

NOTE DATE:      2/10/2004      LOAN AMOUNT:        $176,000.00

BORROWER NAME:  DENISE  SUBRAMANIAM

PROPERTY ADDRESS:    13865 SW WALKER ROAD, BEAVERTON, OR  97005

PAY TO THE ORDER OF

**LNV Corporation**

WITHOUT RECOURSE

Residential Funding Company, LLC

By: _____

Name: Jason J. Vecchio

Title: Post Funding Manager

Residential Funding Company, LLC

Exhibit 1
Page 7 of 7