**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| FRANCES K. GRAHAM, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| LNV CORPORATION, ET AL., | § | A-17-CV-0634-RP-ML |
| Defendants. | § | |
| | § | |
| | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:     THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Magistrate Court are Plaintiff Frances K. Graham ("Graham")'s Complaint filed June 28, 2017 [Dkt. #1]; Plaintiff's Motion to Proceed *In Forma Pauperis* and Financial Affidavit in Support filed June 28, 2017 [Dkt. #2]; and Plaintiff's Motion for Relief to File Electronically filed June 28, 2017 [Dkt. #3]. Because Graham is requesting permission to proceed *in forma pauperis*, the undersigned must determine whether Graham is indigent. If Graham is allowed to proceed without payment of fees and costs, the undersigned must make an initial review and recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

## I.   APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in Graham's *in forma pauperis* motion, the undersigned finds that she is indigent.  Accordingly, the undersigned hereby **GRANTS** Graham *in forma pauperis* status. The Clerk of Court shall file her Complaint without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).  This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Graham is further advised that although she has been granted leave to proceed *in forma pauperis*, the court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The undersigned has conducted a § 1915(e) review of the claims made in Graham's Complaint.  For the reasons stated below, the undersigned **RECOMMENDS** Graham's claims be dismissed as frivolous.  Therefore, **service upon Defendant** should be withheld pending the District Court's review of the recommendation made in this report.

## II.   REVIEW OF THE MERITS OF THE CLAIMS

### A.   Factual Allegations and Claims

Graham has submitted a complaint naming as defendants LNV Corporation ("LNV") and Daniel Andrew Beal ("Beal"), the director of LNV (collectively, "Defendants").[1]  She purports to bring mail and wire fraud claims against Defendants pursuant to 18 U.S.C. §§ 1341, 1343 as well as a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. § 1964. (Dkt. #1). As relief, Graham seeks "compensation for the wrongful death of her husband and treble her actual damages" and "punitive damages sufficient to halt the

---

[1] While Graham has named Beal individually, it is clear from her pleadings that she is suing him in his capacity as a corporate officer of LNV.

racketeering activities of the Defendants and their co-conspirators with a significant portion of such award stipulated for donation by Plaintiff to non-profit organizations that provide legal services and access to justice to homeowners[.]" (Dkt. #1 at 13). Graham complains of Defendants' conduct related to foreclosure activities on her home.

This case is not the first time Graham has brought claims against LNV in this court. In 2013, Graham and her husband defaulted on their mortgage and filed for bankruptcy. (Dkt. #1-3 at 4 in *Graham et al. v. LNV Corporation*, 13-cv-818-LY).[2] On September 3, 2013, before the foreclosure was scheduled to take place, Graham filed an action against LNV in the 126th Judicial District Court of Travis County, which LNV removed to this court (the "2013 Action"). (Dkt. #9, in *Graham et al. v. LNV Corporation*, 13-cv-818-LY). In the 2013 Action, Graham brought claims for: (1) wrongful foreclosure; (2) violation of the notice requirements of the Texas Property Code; and (3) violation of the Truth in Lending Act. (Dkt. #9 at 2, in *Graham et al. v. LNV Corporation*, 13-cv-818-LY). Graham's claims in the 2013 Action were all based on her allegations that "because the Deed of Trust does not identify the original Lender, any assignment would be invalid." *Id*. Graham further maintained that no "subsequent mortgage servicer would have standing to foreclose." *Id.* In dismissing all of her claims with prejudice, this court noted that, among other defects, the face of the Deed of Trust did indeed identify the lender. (Dkt. #9 at 5, in *Graham et al. v. LNV Corporation*, 13-cv-818-LY).

In April 2015, LNV conducted a foreclosure sale of Graham's home. (Dkt. #1 at 5). On June 28, 2017, Graham filed this action against Defendants purporting to seek relief for her husband's death and punitive damages for LNV's actions. (Dkt. #1 at 13). Because the complaint is disjointed, Graham's factual allegations are difficult to discern. However, it appears that

---

[2] For clarity purposes, the court takes judicial notice of Graham's pleadings in her 2013 action against LNV and finds them instructive as to the factual background of this action.

Graham alleges that LNV has falsified assignments and other documents related to her mortgage. *See generally*, (Dkt. #1). For example, Graham contends that the third assignment of her mortgage "is a legal impossibility and void ab initio because LNV was not incorporated in Nevada until AFTER March 10, 2008[.]" (Dkt. #1 at 4). As a result, she appears to contend that LNV did not have standing to foreclose on the property and challenges LNV's attempts to collect on the debt it claims Graham owes.

It appears Graham believes that LNV has falsified documents associated with her mortgage, as well as mortgages across the country, as part of a nationwide racketeering scheme. (*See generally* Dkt. #1). As to her mail and wire fraud claims, Graham insists that "[d]efendants used mail and/or wire transmissions to record these falsified assignments of deed of trust." (Dkt. #1 at 6). As to her RICO claims, Graham alleges falsified assignments by LNV affecting various homeowners across the country. *See* (Dkt. #1, 7-10). Specifically, Graham alleges that the racketeering activities of LNV include:

> 1) use of false and fraudulent addresses in violation of 18 U.S. Code § 1342 for the purpose of conducting, promoting, and carrying on by means of the Postal Service . . . 2) falsifying, forging and counterfeiting mortgage and foreclosure related instruments . . . 3) recording these false instruments with county recorders across the country using the U.S. Postal Service, private mail services and/or wire services in furtherance of their scheme and artifice to defraud their victims[.]

(Dkt #1 at 11).

Graham goes on to contend that "LNV willfully deceived the U.S. District Court, and later the U.S. Bankruptcy Court as to LNV's standing to foreclose and as a result these courts lent assistance to the consummation and encouragement of what public policy forbids." (Dkt. #1 at 5). According to Graham, "[m]edical records will show excessive prolonged stress caused by Defendants LNV and Andy Beal and his agents' bad faith deceptive acts" were a factor in her husband's death. (Dkt. #1 at 5).

### B.    Standard of Review

A district court "shall dismiss" a case brought *in forma pauperis* at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).  However, a petitioner's pro se status does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### C.    Discussion

While disjointed and unclear at times, Graham's Complaint alleges that LNV violated numerous federal statutes in connection with the foreclosure of her home.  Specifically, Graham purports to bring claims for both mail and wire fraud under 18 U.S.C. §§ 1341, 1343, and RICO violations pursuant to 18 U.S.C. § 1964. (*See generally* Dkt. #1). However, all of her claims for relief are legally frivolous.  The undersigned takes up each alleged basis for relief in turn.

First, the Magistrate Court assesses the merits of Graham's mail and wire fraud claims under 18 U.S.C. §§ 1341, 1343. In generally, the criminal provisions of Title 18 of the United States Code provide no basis for federal civil action as "[t]hey are criminal in nature and provide no civil remedies." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960).  *See also Gill v.*

*State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) (per curiam) (federal criminal statutes do not provide basis for civil liability); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished) (civil plaintiffs are not entitled to seek criminal prosecution in civil action); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (plaintiff in civil action does not have constitutional right to have someone criminally prosecuted). Accordingly, Graham's mail and wire fraud claims under Title 18 do not provide a basis for a civil action. *See Napper v. Anderson, Henley, Shields, Bradford and Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (holding that 18 U.S.C. § 1343 does not create civil cause of action for damages); *see also Thompson v. Michels*, 574 F. App'x 196, 196 (3d Cir. 2014) (upholding dismissal of IFP plaintiff's claims under 18 U.S.C. § 1341 because Title 18 provisions do not grant private cause of action). Thus, Graham's mail and wire fraud claims under Title 18 are not cognizable and should be dismissed as legally frivolous.

Second, the undersigned assesses the merits of Graham's RICO claims. Unlike the mail and wire fraud statutes, RICO does provide racketeering victims with a civil cause of action. Specifically, RICO provides that any "person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court." 18 U.S.C. § 1964 (c). To state a civil claim under § 1962, "a plaintiff must allege: 1) the conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity." *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)).

Even assuming the validity of Graham's RICO claims, they are barred by claim preclusion. Claim preclusion, or res judicata, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). Claim preclusion is appropriate if: "(1) the parties are identical or in privity; (2)

the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action is involved in both actions." *Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 395 (5th Cir. 2004) Accordingly, if Graham meets all four elements of claim preclusion, all of her claims in the current action will be precluded and her complaint must be dismissed.

Here, the first three elements are satisfied because the parties are the same as the 2013 Action and because the Western District of Texas, which had jurisdiction over the matter, rendered a final judgment dismissing Graham's complaint for failure to state a claim. (*See* Dkt. #12 ("Final Judgment"), in *Graham et al. v. LNV Corporation*, 13-cv-818-LY).

Next, the undersigned must assess whether the same claim or cause of action is involved in both this action and the 2013 Action. Overall, the critical issue "is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Therefore, if "the factual scenario of the two actions parallel, the same cause of action is involved in both." *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). Consequently, the plaintiff's substantive theories, "forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry." *Id.*

While Graham now asserts different legal bases for relief—mail and wire fraud and RICO—the same nucleus of operative facts informs both this action and the 2013 Action. In both proceedings, Graham's Complaints revolve around the underlying premise that LNV did not have standing to foreclose on her property. (*See, e.g.*, Dkt. #1 at 5). For example, in this action, Graham contends that LNV "used mail and/or wire transmissions to record these falsified assignments of deed of trust." (Dkt. #1 at 6). Therefore, according to Graham, "LNV lacked such

7

standing, knew it lacked standing, yet LNV non-judicially foreclosed on Plaintiff's real property[.]" (Dkt. #1 at 2). Similarly, in the 2013 Action, Graham alleged that "any assignment would be invalid" and no "subsequent mortgage servicer would have standing to foreclose." (Dkt. #9, in *Graham et al. v. LNV Corporation*, 13-cv-818-LY).

In the current action, Graham presents no new facts pertinent to her mortgage and the foreclosure. She again claims that LNV did not have standing to foreclose upon her home, merely based on a different legal theory. Furthermore, there were no legal or procedural hurdles precluding Graham from raising these claims in the 2013 Action. Rather, she opted not to do so until this action. Therefore, because both actions arise from the same operative facts—i.e., LNV's alleged wrongful foreclosure attempts—to the extent that any of Graham's claims are valid, they are barred by claim preclusion. *See Nilsen v. City of Moss Point, Miss*, 701 F.2d 556, 563 (5th Cir. 1983) (holding that claim preclusion contemplates that courts are not required to adjudicate "successive actions arising out of the same transaction").

Finally, the undersigned must address the fact that Graham has brought a second lawsuit against these same Defendants. As mentioned, the 2013 Action was dismissed with prejudice for failure to state a claim for relief. *Graham et al. v. LNV Corporation*, 13-cv-818-LY. The undersigned hereby cautions Graham against submitting additional meritless claims to the court. Should Graham fail to heed this warning, sanctions may be appropriate in the event of future frivolous filings. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 359. "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period. Abuses of process are not merely

not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## III.   ORDER AND RECOMMENDATION

The Magistrate Court hereby **GRANTS** Graham's Motion to Proceed in District Court Without Prepaying Fees or Costs [Dkt. #2].

Because the Complaint is legally groundless on its face, the undersigned **RECOMMENDS** the District Court **DISMISS** Graham's cause of action **WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, also before the court is Graham's Motion for Relief to File Electronically [Dkt. #3]. Because the undersigned finds that Graham's Complaint is frivolous, the undersigned **DENIES** Graham's Motion for Relief to File Electronically. The referral of this case to the Magistrate Court should now be canceled.

## IV.   WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106

S. Ct. 466, 472–74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir.

1996) (en banc).

     SIGNED August 10, 2017

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE